# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 922 - all | **DATE** | 2/20/2004 |
| **CASE TITLE** | USA vs. Duff, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ■ Status hearing held and continued to 7/16/04 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendants are allowed to file a consolidated reply on their motion for bill of particulars. Enter Memorandum Opinion and Order denying defendants' motions to sever.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 7 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 24 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 63 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/23/2004 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) No. 03 CR 922 <br> ) <br> JAMES M. DUFF, PATRICIA GREEN DUFF, ) <br> WILLIAM E. STRATTON, JOHN J. LEAHY, ) <br> EDWARD WISNIEWSKI, STARLING ) <br> ALEXANDER, AND TERRENCE DOLAN, ) <br> ) <br> Defendants. ) | **DOCKETED** <br> FEB 2 4 2004 |

### MEMORANDUM OPINION AND ORDER

Defendants James Duff, William E. Stratton, Patricia Green Duff, Terence Dolan, John Leahy, Edward Wisniewski, and Starling Alexander are named in a thirty-one count indictment in connection with an alleged criminal enterprise and its racketeering activities. All defendants except for Mr. Duff move to sever their trials under Rules 8(b) and 14 of the Federal Rules of Criminal Procedure. I DENY the motions.

The various defendants are charged with different combinations of offenses. Mr. Duff and Mr. Stratton are charged with the operation of a criminal enterprise devoted to money-laundering and fraud in violation of RICO, 18 U.S.C. 1962(d). Mr. Duff, Mr. Stratton, Ms. Duff, and Mr. Dolan are charged with a series of mail fraud counts in connection with a scheme to defraud the city of Chicago by falsely certifying businesses as women-owned or minority-owned. Mr. Duff, Mr. Stratton, Mr. Leahy, Mr. Wisniewski,



and Mr. Alexander are charged with a series of mail and wire fraud counts in connection with a scheme to defraud insurance carriers by falsely identifying high-risk workers as clerical or labor union. Finally, Mr. Duff and Mr. Stratton are charged with a number of money laundering violations. In other words, each defendant is charged with either conspiring to conduct the affairs of the enterprise or with engaging in the activities of the enterprise, or both.

Rule 8(b) states that multiple defendants "may be charged in the same indictment...if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The Seventh Circuit has interpreted the phrase "same series of acts or transactions" to mean acts or transactions that are "pursuant to a common plan or scheme." *United States v. Lanas*, 324 F.3d 894, 899 (7th Cir. 2003). Rule 8(b) is to be construed "broadly to allow liberal joinder in order to enhance judicial efficiency." *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995). The moving defendants argue that the scheme to defraud the city and the scheme to defraud insurers were separate schemes and are not properly characterized as the "same series of acts or transactions" under Rule 8(b). Here, the government has alleged a RICO conspiracy, as well as two fraud schemes and a money-laundering scheme which serve as predicate racketeering activities of the charged RICO

2

conspiracy. Where a RICO conspiracy is alleged in the indictment, joinder is appropriate if the RICO enterprise supplies a nexus to tie together the defendants who worked to benefit the enterprise. *See, e.g., United States v. Houle*, 237 F.3d 71, 75 (1st Cir. 2001). The cases cited by the defendants in support of severance are factually distinguishable because the indictments in those cases either did not include a RICO count (e.g., *United States v. Farley*, 1998 U.S. Dist. LEXIS 15312, No. 97-CR441 (N.D. Ill. Sep. 11, 1998) (Gottschall, J.)) or accused the severed defendant only of independent criminal activity without the participation of the RICO defendants (*United States v. Quintanilla*, 1991 U.S. Dist. LEXIS 1815, No. 90-CR772 (N.D. Ill. Feb. 13, 1999) (Conlon, J.)). Joinder of all defendants is proper under Rule 8(b).

Defendants argue in the alternative for relief from prejudicial joinder under Rule 14, which provides: "If it appears that a defendant ... is prejudiced by a joinder of offenses or of defendants ... the court may ... grant a severance of defendants or provide whatever other relief justice requires." In judging a motion for severance under Rule 14, a district court "must balance the benefit of judicial efficiency in a joint trial with the risk of prejudice to a defendant." *United States v. Handford*, 39 F.3d 731, 735 (7th Cir. 1994). "The economies of a single trial in all but the most unusual circumstances outweigh the danger of prejudice to the least guilty or prejudice to all defendants because of sheer

3

confusion." *United States v. Harding*, 209 F.3d 652, 664 (7th Cir. 2000). Severance is warranted only where the defendant is able to demonstrate that "severe prejudice" will result from a joint trial. *Handford*, 39 F.3d at 735. Defendants fail to make such a showing here. If evidence is presented carefully and proper jury insturctions are issued, juries are presumed capable of keeping track of which evidence pertains to which charges, even where, as here, some defendants are charged with more extensive and infamous criminal acts than others. *See United States v. Vest*, 116 F.3d 1179, 1192 (7th Cir. 1997).

Defendants' argument that severance will serve judicial economy is equally unpersuasive. Cases cited in support of severance, such as *United States v. Andrews*, 754 F. Supp. 1161 (N.D. Ill. 1990) (Aspen, J.), involved 37 defendants and a 175-count indictment; trying such a gargantuan case all at once poses hardships not likely here. *See United States v. Grossman*, 272 F. Supp. 2d 760, 763-64 (N.D. Ill. 2003). The motions for severance are DENIED.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: February 20, 2004